928 F.2d 405
 30 Wage & Hour Cas. (BNA) 1536
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward SPENCER, Plaintiff-Appellant,
v.
OFFICE OF the AUDITOR OF PUBLIC ACCOUNTS as an agency of the
Commonwealth of Kentucky, Defendant-Appellant.
 No. 90-5750.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, No. 88-00054; Bertelsmar, J.
 E.D.Ky.
 AFFIRMED.
 Before MERRITT, Chief Judge, and RYAN and SUHRHEINRICH, Circuit Judges
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals summary judgment in favor of the defendant on plaintiff's claim for overtime pay due under the Fair Labor Standards Act (the "Act"). Spencer claims compensation for travel time required by his employer, the Office of the Auditor of Public Accounts (the "Auditor"). Because we find under the language of the Act that plaintiff's travel is not integral and indespensable to his work activities nor compensable through custom or contract, we affirm the trial court.
 
 
 2
 The parties first raise the issue of the proper standard of review. The proper standard of review for these claims is set out in Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709 (1986). Questions concerning the way a wage claimant spends his time are fact questions to be reviewed under the "clearly erroneous" standard. Whether those activities are properly excluded from overtime benefits under the Act is a question of law to be reviewed de novo. Id. at 714.
 
 
 3
 The Fair Labor Standards Act provides in part:
 
 
 4
 ... no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
 
 
 5
 29 U.S.C. Sec. 207(a)(1).
 
 
 6
 These requirements are qualified by Section 254 of the Portal-to-Portal Pay Act:
 
 
 7
 (a) Activities not compensable
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
 
 
 11
 (2) activities which are preliminary to or postliminary to said principal activities,
 
 
 12
 which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.
 
 
 13
 (b) Compensability by contract or custom
 
 
 14
 Notwithstanding the provisions of subsection (a) of this section which relieve an employer from liability and punishment with respect to an activity, the employer shall not be so relieved if such activity is compensable by either--
 
 
 15
 (1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or
 
 
 16
 (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.
 
 
 17
 29 U.S.C. Sec. 254(a)-(b).
 
 
 18
 These statutes have been interpreted together as requiring payment for all activities which are an integral and indispensable part of the employee's principal activity, and which are not excluded by subsection (a)(1) (the travel exception), or for activities which have been paid under an existing custom or contract.
 
 
 19
 Steiner v. Mitchell, 350 U.S. 247, 254 (1956), interpretted subsection (a) of Sec. 254 as requiring the application of the "integral and indispensible" test to activities "not specifically excluded by ... [subsection] (a)(1)". Id. at 256. As the district court pointed out, a strict application of that standard would result in immediate denial of plaintiff's claim, because the time claimed by the plaintiff is all travel time which would fall within subsection (a)(1). Other cases have examined the travel claimed by employees, but in each case where compensation was awarded some other activity, an indispensable one, occurred at the same time as the travel. An analysis of these cases leads to the conclusion that only if travel is combined with some other indispensable activity is it compensable. Tennessee Coal, Iron, & Railroad Co., et al., v. Muscoda Local No. 123, et al., 321 U.S. 590 (1944) (where miners carry fifty-pound loads, expose themselves to sometimes fatal hazards created by the employer, and engage in "fossorial activity bearing all the indicia of hard labor," while riding and walking from the surface of the mine to the "working face" where coal is extracted, the time is compensable). Crenshaw v. Quarles Drilling Corp., 798 F2d 1345 (10th Cir.1986) (driver of specially-equipped truck with tools required for servicing of rigs entitled to compensation for driving time); Lindow v. United States, 738 F.2d 1057 (9th Cir.1984) (time before shift necessary to open and close security gates to job site, necessary to allow employees to reach the areas where actual work performed, is not compensable); Secretary of Labor, U.S. Department of Labor v. E.R. Field, Inc, 495 F.2d 749 (1st Cir.1974) (because truck with company-owned equipment, driven by employee to various construction sites, is indispensable to getting jobs done, driving time of electrician/truck driver is compensable); D A & S Oil Well Servicing Inc., v. Mitchell, 262 F2d 552 (10th Cir.1958) (time riding or driving a truck carrying only employees noncompensable; time driving company truck with tools indispensable for work at job site compensable).
 
 
 20
 Custom or contract may make travel time compensable under Sec. 254(b). Bartlomain v. United States Postal Service, No. 88-3529 (6th Cir. Mar. 13, 1989) (LEXIS, Genfed library, 6 Cir file) (employee who elected to drive from his permanent station each day rather than staying at temporary station at Postal Service expense not entitled to compensation for travel time based on policy of Postal Service of paying per diem and tollway expenses to employee. Such payment does not constitute written contract or custom allowing compensation for travel time); Ralph v. Tidewater Construction Corp., 361 F.2d 806 (4th Cir.1966) (time spent in employer's boat travelling to work projects on Chesapeake Bay not to be included in determining overtime when contract included express agreement that workers would receive $2.50 on each day when the worker rides on a boat getting to and from his place of employment), cert. denied, 385 U.S. 931 (1966); Wirtz v. Sherman Enterprises, Inc., 229 F.Supp. 746 (D.Md.1964) (payment of $1.00 for every 40 miles travelled in a company vehicle creates an express contract provision entitling employees without permanent workplace to compensation for travel time from job to job in non-company vehicles).
 
 
 21
 Plaintiff works for the Auditor of Public Accounts in the County Audit Division. Regular work hours are from 8:00 until 4:30, with one unpaid hour for lunch. His primary work station is in Frankfort, Kentucky; he is required to do some audits at the site of the county office for which an audit is conducted. The parties stipulated to policy with regard to work hours and travel time allowed, which differs according to the distance between the temporary and primary work stations:
 
 
 22
 1) if the work site is 40 miles or less from the primary work site, auditors are to be at the work site from 8:00 until 4:30;
 
 
 23
 2) if the work site is between 40 and 75 miles away, the employee need not report until 8:30 and may leave at 4:00. If the audit takes more than one day the employee has the option of staying at the audit site at state expense until the audit is complete, but in that case must observe regular 8-4:30 hours;
 
 
 24
 (3) where the work site is more than 75 miles away, exceptions to the 8-4:30 rule are granted only on the first and last day of the assignment. The policy requires the auditor to stay at the work site so that extraordinary commutes do not occur. Exceptions to the rule may be granted in individual cases, and the plaintiff was granted such an exception. However, in these cases, since the commute is at the employee's request, the state does not allow extra time for travel.
 
 
 25
 Plaintiff's primary argument is that his travel time is integral and indispensable to his job. No extraordinary facts are urged in support of this argument; he simply drives from the Frankfort vicinity to the place where an audit is to be done. His second argument is that since compensation for travel is provided for by custom or contract. Specifically he urges: 1) he was paid mileage; 2) the written policy of the Auditor acknowledged that it was bound by the Act; and 3) the state audit division of the Auditor's office is allowed overtime compensation, thus there is a policy under which he is entitled to overtime.
 
 
 26
 Plaintiff's arguments fail on the facts of his situation. As the "integral and indispensable" cases make clear, more is required of travel time than the moving of the employee from one place to another. Plaintiff does not allege that he moves special necessary equipment; his argument is that because he cannot do the audit until he has travelled to the audit place, the travel is compensable. The district court was correct in its holding that plaintiff's travel is not "integral and indespensable" to his job, and we affirm on this point.
 
 
 27
 The trial court found, based upon the stipulations and the record, that no custom or contract exists as to travel time. It is clear under Bartlomain that the payment of mileage does not create a policy of compensation for travel time.
 
 
 28
 The fact that the policy of the Auditor expressly references the Act also does not create a contract of payment for travel time, particularly since the Portal-to-Portal Act is contained within the Fair Labor Standards Act and since the general rule under the Act is that travel time is not covered. Tidewater Construction, 361 F.2d at 809, supports the district court's conclusion that the specific agreement to allow an additional one-half hour on either end of the day when travel time is between 40 and 75 miles does not amount to a custom or contract for payment of all travel time.
 
 
 29
 Plaintiff finally urges that the district court's finding of no custom or contract ignores the allowance of overtime to auditors in the State Audit Division of the Auditor's office. The record reveals that overtime in the State Audit division is not allowed for time spent travelling, but is allowed for hours actually worked. This overtime is of a type that is not usually possible for county audit employees because of the differences in job assignments. There is no evidence in the record of a custom or contract of the Auditor under which anyone is paid for travel time. We affirm the district court's conclusion that no custom or contract of compensating overtime is present in this case.
 
 
 30
 Accordingly, we AFFIRM the judgment of the district court.